**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

JEARMAL SWAIN,                    :
                                  :
          **Plaintiff,**        :
                                  :       **No. 3:26-cv-00001-TES-AGH**
          **v.**               :
                                  :
Sheriff **KEITH BROOKS**, *et al.,*   :
                                  :
          **Defendants.**       :

## DISMISSAL ORDER

*Pro se* Plaintiff Jearmal Swain, an inmate in the Walton County Jail in Monroe, Georgia, filed a complaint brought under 42 U.S.C. § 1983.   ECF No. 1.   Plaintiff also requested leave to proceed *in forma pauperis*.   ECF No. 2.   On January 8, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $23.86.   ECF No. 4.   Plaintiff was given fourteen days to pay the fee. *Id*.   Plaintiff was advised that "failure to pay the initial partial filing fee can result in the dismissal of this action."   *Id*. at 3.   Plaintiff only paid $7.00 of the filing fee.   Thus, Plaintiff did not obey the Court's order.

Therefore, on February 11, 2026, the Court notified Plaintiff that he failed to fully comply with the Court's Order because he did not pay the full amount of the initial partial filing fee.   ECF No. 5.   Plaintiff was ordered to pay the remainder of the fee or otherwise show cause why this action should not be dismissed for failure to comply with the Court's order.   *Id*.   The Court informed Plaintiff that this action would be dismissed if he failed

to respond.  *Id*.   The order to show cause has been returned to the Court with a notation that Plaintiff has been released from the Walton County Jail.   ECF No. 7.   A review of the Walton County Sheriff's Office online database reveals that Plaintiff is no longer listed as an inmate in their jail.   *See* Walton County, Georgia Jail Current Inmate List w/ Details, by Name, https://wcso.waltoncountyga.gov/jailroster.xml [https://perma.cc/UP7H-995V] (last visited March, 2, 2026).   Plaintiff was previously instructed that he must "keep the Court informed of any future address change and his failure to do so can result in the dismissal of this action."   *Id*.   Plaintiff has failed to notify the Court of his current address. The Court has no way of locating Plaintiff.

On February 12, 2026, which is the day after the Court mailed its order to show cause (ECF No. 5), the Court did receive a motion from Plaintiff requesting that the Court waive the partial initial filing fee (ECF No. 6).   However, Plaintiff's motion was dated as signed on January 23, 2026.   ECF No. 6 at 3.   "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."   *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)).   "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it."   *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).   Here, it appears that Plaintiff's motion was indeed given to corrections officials near the time of his signing the motion in that the

2

envelope in which the motion was mailed is postmarked as handled by the postal service on January 31, 2026. *See* ECF No. 6-1. Thus, the Court will apply the prison mailbox rule. Plaintiff's motion predates by at least two weeks the deficient payment he made on February 10, 2026, and the Court's order to show cause that was mailed to him on February 11, 2026. Due to Plaintiff's failure to update his address with the Court, the Court has no way to inform Plaintiff that he must provide an updated financial statement in support of his request to waive the fee. Thus, Plaintiff's motion to waive the fee is now mooted by his release from incarceration and his failure to update his address. Accordingly, Plaintiff's motion to waive the initial filing fee (ECF No. 6) is **DENIED**.

Due to Plaintiff's failure to follow the Court's Orders, failure to keep the Court informed of his address, and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (per curiam) (affirming district court's dismissal of a § 1983 complaint when an inmate, who had been warned that failure to comply with the orders of the Court would result in dismissal, did not pay the court ordered partial filing fee mandated by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)).

3

**SO ORDERED**, this 2nd day of March, 2026.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**